UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH MANEY, | ) |
| Plaintiff, | ) |
| | ) No. 3:25-cv-00014 |
| v. | ) |
| STATE OF TENN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against "State of Tenn." (Doc. No. 1).

### I. FILING FEE

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). According to Plaintiff's IFP Application, her monthly income totals $923 from Supplemental Social Security payments, she has no assets of any kind other than an "inheritance of 100, 100, 100, 100 trillions of dollars stolen", her monthly expenses total over $1000, and she does not expect any major changes to her monthly income or expenses in the next 12 months (Id.) Plaintiff did not provide a residential address. It appears that Plaintiff may be unhoused. Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

1

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." Denton v. Hernandez, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" Id. at 31 (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Hill v. Lappin, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001) (citing Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

## III. ALLEGED FACTS

As best the Court can discern,[1] the complaint alleges that "haters stole [her] life away." (Doc. No. 1 at PageID# 3). The complaint lists words and phrases such as "Holy Bible", "Heavenly the God holy or the Universe," "my womb", "Human Spirit," and "my Special human Body." (Id.) In the "Relief" section of her complaint, Plaintiff lists mostly illegible words and phrases, although the Court is able to decipher that she states that she is seeking "no open violation" and "wants [her] life back." (Id. at PageID# 5).

## IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint does not satisfy Federal Rule of Civil Procedure Rule 8 and cannot survive screening under Section 1915(e)(2). The allegations set forth in the complaint are frivolous and/or delusional. While a complaint need not contain "magic words," it must contain factual allegations and make plausible the claim for relief. Plaintiff's complaint does not. Moreover, "[t]his Court is not 'required to create [Plaintiff]'s claims for [her],' because '[t]o do so would requir[e the] courts to explore exhaustively all potential claims of a pro se plaintiff and would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" Bell v. Tennessee, No. 1:11-cv-14, 2012 WL 996560, at *9 (E.D. Tenn. Mar. 22, 2012) (quoting Thompson v. A.J. Rose Mfg. Co., 208 F.3d 215 (6th Cir. 2000) (bracket in original)).

---

[1] Plaintiff's complaint is so skeletal and nonsensical that it is impossible to distill her statements into coherent narratives and causes of action.

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal as frivolous and delusional under 28 U.S.C. 1915(e). Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE